UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

INTEGRITY PLAZA LLC,

    Plaintiff,

v.                                    Case No.:  2:24-cv-723-JLB-KCD

WESTCHESTER SURPLUS
LINES INSURANCE COMPANY,

    Defendant.
                                 /

## **ORDER**

Before the Court is Plaintiff Integrity Plaza LLC's Motion to Remand (Doc. 17) and Defendant Westchester Surplus Lines Insurance Company's response in opposition (Doc. 22).[1] For the reasons below, the motion is denied.

Plaintiff originally sued Westchester in state court for declaratory relief regarding an insurance claim from Hurricane Ian. (Doc. 1.) Westchester removed the case here based on diversity jurisdiction. Plaintiff now seeks remand for three reasons: (1) Westchester's removal was untimely, (2) Westchester has not satisfied the amount in controversy requirement for diversity jurisdiction, and (3) a forum selection clause dictates that the case remain in state court. (Doc. 17.) The Court addresses each argument in turn.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

**A. Timeliness**

When the requirements for diversity jurisdiction can be found in the complaint, "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of the initial pleading." 28 U.S.C. § 1446(b)(1). But when the initial pleading discloses no basis for removal, the 30-day clock does not begin to run. Instead, "a notice of removal may be filed within 30 days after recei[ving] . . . a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

Westchester was served on January 4, 2024. (Doc. 17-1.) But the complaint did not provide a basis for removal. Among other things, it did not identify Plaintiff's owners/members as needed to establish complete diversity. *See Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224-25 (11th Cir. 2013) (explaining that each member of an LLC must be diverse from the opposing party for diversity jurisdiction to exist). So Westchester served interrogatories asking Plaintiff to identify its members. After motion practice in state court, Plaintiff provided the requested information on August 5, 2024. (Doc. 1-10.) The case was removed four days later.

Westchester claims that Plaintiff's interrogatory response was the "other paper" that triggered diversity jurisdiction. And thus, removal was timely

2

under § 1446(b). *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n.62 (11th Cir. 2007) ("[Other paper] include[s]: responses to requests for admissions, settlements offers, interrogatory responses, deposition testimony, demand letters, and email estimating damages."). Plaintiff, however, argues that the 30-day clock for removal began when the complaint was served because Westchester had access to public records that provided the citizenship of each LLC member, such as property appraiser records and voter registration records. (Doc. 17 at 4-5.)

The Court agrees with Westchester. Plaintiff's argument leaves out a crucial fact—whether the *identity* of the LLC members was publicly available in the first place. As best the Court can tell, it was not. Indeed, Plaintiff's information on the Florida Department of State's website, www.sunbiz.org, does not identify the LLC members. And until Westchester had such information, it could not discern citizenship to determine whether the case was removable. Plaintiff provides no database or public record where its members were named at the time the complaint was filed.

The facts here fit squarely within § 1446(b)(3). Westchester first learned of the LLC members on August 5, 2024, after which the case was timely removed.

**B. Amount in Controversy**

Diversity jurisdiction is available when the controversy involves citizens of different states and "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996) ("[W]e hold where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [applicable] jurisdictional requirement.").

Before suing, Plaintiff issued a Notice of Intent to Initiate Litigation ("NOI")—a requirement under Florida law. *See* Fla. Stat. § 627.70152(3)(a) ("As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department."). The NOI pegged Plaintiff's damages at $343,084, demanded $51,000 in attorney's fees, and included a settlement offer of $387,834. (Doc. 1-16.) Also attached to the NOI was a public adjuster's estimate that listed damages of $131,269.31. (*Id.*) To establish the

4

required amount in controversy, Westchester's notice of removal cites the NOI. (Doc. 1 at 6-7.)

Plaintiff does not challenge the dollar figures in the NOI. Rather, Plaintiff claims that Florida law prohibits its consideration. This argument stems from Fla. Stat. § 627.70152(6), which provides:

> (a) The notice provided pursuant to subsection (3) and, if applicable, the documentation to support the information provided in the notice:
>
>> i. Are not admissible as evidence in any proceeding.
>>
>> ii. Do not relieve any obligation that an insured or assignee has to give notice under any other provision of law.

*Id.*

Two problems with Plaintiff's argument. First, federal law controls the admissibility of evidence in a diversity action. *See, e.g.*, *Peat, Inc. v. Vanguard Rsch., Inc.*, 378 F.3d 1154, 1159 (11th Cir. 2004) (applying state law for substantive issues in a diversity action, but utilizing federal rules for the admissibility of evidence); *Classic Soft Trim, Inc. v. Albert*, No. 6:18-CV-1237-ORL-78-GJK, 2020 WL 13824059, at *2 (M.D. Fla. Dec. 2, 2020) ("It is well established that if evidence is admissible under federal law, a more restrictive state law will not affect the admissibility of such evidence in federal court."). A rule of evidence, "like a pure rule of procedure, is concerned solely with accuracy and economy in litigation . . . while a substantive rule is concerned with the channeling of behavior outside the courtroom." *Barron v. Ford Motor*

5

*Co. of Canada*, 965 F.2d 195, 199 (7th Cir. 1992). Because the text of § 627.70152(6)(a)(i) establishes an evidentiary rule, the provision does not apply here.

Second, the Eleventh Circuit has held that jurisdictional evidence need not be admissible at trial to be considered on removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) ("The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard."). Indeed, district courts regularly consider demand letters to ascertain the amount in controversy, which are generally inadmissible. *See Rollo v. Keim*, No. 3:09-cv-146/MCR/EMT, 2009 WL 1684612, at *3 n.6 (N.D. Fla. June 16, 2009); *Katz v. J.C. Penney Corp.*, No. 09-CV-60067, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009).

Thus, the Court considers the NOI here. "A district court may rely on a pre-suit demand, such as that included in the [NOI], in determining whether the amount in controversy is satisfied." *Lelansky v. First Liberty Ins. Corp.*, No. 6:23-CV-1361-ACC-DCI, 2023 WL 11256792, at *3 (M.D. Fla. Oct. 5, 2023). "Settlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction." *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010). But "[s]ettlement offers that provide specific information to support the

. . . claim for damages [and] suggest the [plaintiff is] offering a reasonable assessment of the value . . . are entitled to more weight." *Poltar v. LM Gen. Ins. Co.*, 473 F. Supp. 3d 1341, 1345 (M.D. Fla. 2020). Attached to the NOI here is a detailed estimate from a public adjuster. (Doc. 1-16 at 3-15.) This level of specificity pulls the settlement demand into the latter category, putting the case over the jurisdictional threshold.

But even putting the NOI aside, the same result follows. The Court need not "suspend reality or shelve common sense" to determine whether the complaint or other documents establish the jurisdictional amount. *Pretka*, 608 F.3d at 770. Courts employ "reasonable deductions, reasonable inferences, and other reasonable extrapolations" in determining the amount in controversy. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010). Considering the entire record, the Court can reasonably deduce that the amount in controversy exceeds $75,000. *See Razaqyar v. Integon Nat'l Ins. Co.*, 8:20-cv-2444-VMC-CPT, 2020 WL 7054294, at *2 (M.D. Fla. Dec. 2, 2020) ("[T]he amount in controversy in the declaratory judgment action [brought by an insured] is the insurer's potential liability under the policy."). Plaintiff alleges it sustained damage to the roof system, interior of the property, and exterior of the property. (Doc. 1-10 at 5.) Plaintiff also claims business interruption losses, extra expense losses, and attorney's fees. (Doc. 8.) "When a statute authorizes the recovery of attorney's fees, a reasonable amount of

7

those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). With the amount in controversy satisfied no matter what evidence is considered, remand on this basis is improper.

### C. Forum Selection Clause

Lastly, Plaintiff argues that the underlying insurance policy grants it the right to select the forum where this case will proceed. (Doc. 17 at 6-7.) The clause at issue states:

> If the insured requests, the company will submit to the jurisdiction of any court of competent jurisdiction. The company will accept the final decision of that court or any Appellate Court in the event of an appeal. However, nothing in this endorsement constitutes a waiver of the company's right to: remove an action to a United States District Court, seek a transfer of a case to another court, or to enforce policy provisions governing choice of law or venue selection, as may be permitted by the laws of the United States, or of any state in the United States.

(Doc. 8 at 112.)[2]

While the first sentence plainly allows Plaintiff to initiate the forum, the insurer has an escape hatch: "nothing in this endorsement constitutes a waiver of the company's right to[] remove an action to a United States District Court." (*Id.*) Plaintiff all but ignores this reservation of rights. And none of the cases cited in its brief suggest that the Court can (or should) discard such policy language. In fact, they say the opposite. *See, e.g.*, *Tri-Union Seafoods, LLC v.*

---

[2] For ease of reference, the Court uses the page numbers generated by its electronic filing system for Doc. 8.

8

*Starr Surplus Lines Ins. Co.*, 88 F. Supp. 3d 1156, 1163 (S.D. Cal. 2015) (by agreeing to "submit" to a policyholder's choice of forum, the chosen forum is binding, unless the contract expressly reserves the insurer's right to remove the case to a different venue). Because the policy reserved to Westchester the right remove any litigation to federal court, remand on this basis is also improper.

Because the notice of removal establishes diversity jurisdiction and there is no convincing argument to support remand, the case must proceed here. Plaintiff's Motion to Remand (Doc. 17) is thus **DENIED**.

**ORDERED**[3] in Fort Myers, Florida on October 24, 2024.

_Kyle C. Dudek_
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

---

[3] Because a motion to remand does not address the merits of the case but merely changes the forum, it is a non-dispositive matter appropriately handled by order. *See Anderson v. Amazon.com Servs. LLC*, No. 2:23-CV-1203-JLB-NPM, 2024 WL 3634292, at *3 n.3 (M.D. Fla. Aug. 1, 2024).